**FILED - GR**

February 17, 2010 3:34 PM

TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: ald___/_____

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **Steven VanValkenburg,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Hon. **1:10-cv-153** |
| v. | ) | |
| | ) | **Janet T. Neff** |
| **Valentine & Kebartas, Inc.,** | ) | **U.S. District Judge** |
| a Massachusetts corporation, | ) | |
| | ) | |
| Defendant. | ) | |

### Complaint

### I.    Introduction

1.     This is an action for damages, brought against a debt collector for violating the

Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Michigan

Occupational Code ("MOC"), M.C.L. § 339.901 *et seq.*

### II.    Jurisdiction

2.     This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C.

§ 1331. This Court has supplemental jurisdiction regarding plaintiff's state law claims under 28

U.S.C. § 1367. Venue in this judicial district is proper because the pertinent events took place

here.

### III.    Parties

3.     Plaintiff Steven VanValkenburg is a natural person residing in Kent County,

Michigan. Mr. VanValkenburg is a "consumer" and "person" as the terms are defined and/or

used in the FDCPA. Mr. VanValkenburg is a "consumer," "debtor" and "person" as the terms

are defined/used in the MOC.

4.      Defendant Valentine & Kebartas, Inc. ("VK) is a Massachusetts corporation, with offices 15 Union Street, Lawrence, Massachusetts 01840. The registered agent for VK in Michigan is The Corporation Company, 30600 Telegraph Road, Suite 2345, Bingham Farms, Michigan 48025. VK uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. VK regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. VK is a "debt collector" as the term is defined and/or used in the FDCPA. VK is a "collection agency" and a "licensee" as the terms are defined and/or used in the MOC.

**IV.   Facts**

5.      Mr. VanValkenburg used a credit account to obtain goods and/or services for personal, family or household purposes. Any resulting obligation to pay money was a "debt" as the term is defined and/or used in the FDCPA and MOC.

6.      The original creditor or a successor in interest claimed that the debt was not paid and hired VK to collect the allegedly delinquent debt.

7.      Alternatively, VK purchased the debt after the account allegedly became delinquent.

8.      Mr. VanValkenburg disputes the debt.

9.      Mr. VanValkenburg refuses to pay the debt.

10.     In or about January 2010, VK telephoned Mr. VanValkenburg and left the following pre-recorded and computer-generated message on Mr. VanValkenburg's voice mail: "Hello. This is a very important message, only for Steven R. VanValkenburg. This is not a sales

2

or marketing call. To retrieve your message, press the nine key now, or call us back at 1-800-731-7766. Thank you."

11.     The message left by VK on Mr. VanValkenburg's voice mail conveyed information regarding a debt directly or indirectly to Mr. VanValkenburg.

12.     The message left by VK on Mr. VanValkenburg's voice mail was a "communication" as the term is defined and/or used in the FDCPA and MOC.

13.     The message left by VK on Mr. VanValkenburg's voice mail did not disclose in the message that the telephone call was from a debt collector.

14.     By failing to disclose in a message left by VK on Mr. VanValkenburg's voice mail that the caller was a debt collector, VK violated the FDCPA, 15 U.S.C. § 1692e(11).

15.     When VK left the message on Mr. VanValkenburg's voice mail, VK was aware or should have been aware of multiple published federal district court opinions in which the courts held that it is unlawful for a debt collector to leave a recorded message for a debtor/consumer without identifying itself as a debt collector. *See Joseph v. J.J. Mac Intyre Companies, L.L.C.*, 281 F.Supp.2d 1156 (N.D. Cal. 2003); *Hosseinzadeh v. M.R.S. Associates, Inc.,* 387 F.Supp.2d 1104 (C.D. Cal. 2005); *Foti v. NCO Financial Systems, Inc.,* 424 F.Supp.2d 643 (S.D.N.Y. 2006).

16.     VK is a member of ACA International ("ACA").

17.     ACA is a trade group for debt collectors. According to the ACA website (www.acainternational.org), VK has been a member of ACA since 1994.

18.     Over the past two or more years, ACA sent multiple writings to its members, including VK, discussing the various federal district court opinions in which the respective

3

federal courts held that it is unlawful for a debt collector to leave a recorded message for a debtor/consumer without identifying itself as a debt collector.

19. VK has been sued in the past for allegedly leaving a recorded message for a debtor/consumer without identifying itself as a debt collector in violation of the FDCPA.

20. In January 2010, it was the practice of VK in connection with the collection of debts to leave a recorded message on the consumer's voice mail or telephone answering machine without disclosing in the message that the telephone call was from a debt collector.

21. In January 2010, VK when telephoning consumers in connection with the collection of a debt left a pre-recorded message on the consumer's voice mail or telephone answering machine which message failed to disclose that the caller was a debt collector.

22. The message left by VK on Mr. VanValkenburg's voice mail conveyed did not disclose in the message that the telephone call was from VK.

23. The message left by VK on Mr. VanValkenburg's voice mail conveyed did not disclose in the message the name of the company that was making the telephone call.

24. VK left a message on Mr. VanValkenburg's voice mail that did not include a meaningful disclosure of the caller's identity, which violated the FDCPA, 15 U.S.C. § 1692d(6).

25. In January 2010, it was the practice of VK in connection with the collection of debts to leave a message on the consumer's voice mail or telephone answering machine without disclosing in the message that the telephone call was from VK.

26. In January 2010, it was the practice of VK in connection with the collection of debts to leave a message on the consumer's voice mail or telephone answering machine without disclosing in the message the name of the company that was making the telephone call.

4

27.     The message left by VK on Mr. VanValkenburg's voice mail did not reveal the
purpose of the telephone call.

28.     The message left by VK on Mr. VanValkenburg's voice mail concealed the
purpose of the telephone call.

29.     The recorded message left by VK on Mr. VanValkenburg's voice mail concealed
or did not reveal the purpose of the communication, which violated the MOC, M.C.L. §
339.915(e).

30.     In January 2010, it was the practice of VK in connection with the collection of
debts to leave a recorded message on the consumer's voice mail or telephone answering machine
which message concealed or did not reveal the purpose of the communication.

31.     In the one-year period immediately preceding the filing of this complaint, VK
left recorded messages on the voice mail or telephone answering machine of more than one
hundred consumers residing within the State of Michigan, failing to disclose in the message that
the communication was from a debt collector.

32.     In the one-year period immediately preceding the filing of this complaint, VK
left recorded messages on the voice mail or telephone answering machine of more than one
hundred consumers residing within the State of Michigan, without making a meaningful
disclosure in the message of the caller's identity.

33.     In the one-year period immediately preceding the filing of this complaint, VK
left recorded messages on the voice mail or telephone answering machine of more than one
hundred consumers residing within the State of Michigan, without stating in the message that the
telephone call was from VK.

34. In the one-year period immediately preceding the filing of this complaint, VK left recorded messages on the voice mail or telephone answering machine of more than one hundred consumers residing within the State of Michigan, which messages concealed or did not reveal the purpose of the telephone call.

35. In February 2010, Mr. VanValkenburg's wife spoke by telephone with a VK employee identified as "Andy." The VK employee stated that the VK had assigned the account reference number 10362833. Mrs. VanValkenburg stated that Mr. VanValkenburg disputed the debt. The VK employee stated that to dispute the debt, Mr. VanValkenburg was required to dispute the debt in writing and by certified mail. The VK employee stated that it was too late for Mr. VanValkenburg to dispute the debt with VK because VK already has assumed the debt to be valid. The VK employee stated that to dispute the debt, Mr. VanValkenburg was required to dispute the debt directly with the consumer reporting agencies.

36. The FDCPA does not require the consumer to provide *any reason at all* in order to dispute a debt. *Sambor v. Omnia Credit Servs.*, 183 F. Supp. 2d 1234 (D. Haw. 2002); (*Mendez v. M.R.S. Assoc.*, 2004 WL 1745779 *2 (N.D. Ill. Aug. 3, 2004) (a consumer is entitled to dispute the validity of a debt for a good reason, a bad reason, or no reason at all); *Whitten v. ARS National Servs. Inc.*, 2002 WL 1050320 *4 (N.D. Ill. May 23, 2002) (imposing a requirement that a consumer have a 'valid' reason to dispute the debt is inconsistent with FDCPA); *Castro v. ARS National Servs., Inc.*, 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000); *Frey v. Satter, Beyer & Spires*, 1999 WL 301650 (N.D. Ill. May 3, 1999); *DeSantis v. Computer Credit, Inc.*, 269 f.3d 159 (2nd Cir. 2001); *Mejia v. Marauder Corporation*, 2007 WL 806486 (N.D. Cal. 2007) (unlawful to suggest that proof of payment required for dispute). The FDCPA

6

allows the consumer to orally dispute a debt. *Brady v. The Credit Recovery Company, Inc.,* 160 F.3d 64 (1ˢᵗ Cir. 1998). The FDCPA does not limit the time period for disputing a debt. A consumer can always dispute a debt with a debt collector, regardless of the passage of time.

37.     The VK employee made false statements regarding the rights of a consumer to dispute a debt as afforded by the FDCPA.

38.     The VK employee wrongfully represented or implied that to dispute the debt, Mr. VanValkenburg was required to dispute the debt in writing.

39.     The VK employee wrongfully represented or implied that to dispute the debt, Mr. VanValkenburg was required to dispute the debt by certified mail.

40.     The VK employee wrongfully represented or implied that it was too late for Mr. VanValkenburg to dispute the debt with VK because VK already has assumed the debt to be valid.

41.     The VK employee wrongfully represented or implied that to dispute the debt, Mr. VanValkenburg was required to dispute the debt directly with the consumer reporting agencies.

42.     The acts and omissions of VK and its employee done in connection with efforts to collect a debt from Mr. VanValkenburg were done wilfully.

43.     VK wilfully violated the FDCPA and MOC.

44.     As an actual and proximate result of the acts and omissions of defendant and/or its employees, plaintiff has suffered actual damages and injury, including but not limited to, fear, embarrassment, stress, mental anguish, emotional stress, and suffering for which he should be compensated in an amount to be established by jury and at trial.

7

## V.  Claims for Relief

### Count 1– Fair Debt Collection Practices Act

45.  Plaintiff incorporates the foregoing paragraphs by reference.

46.  Defendant has violated the FDCPA.  Defendant's violations of the FDCPA

include, but are not necessarily limited to, the following:

a)  Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural
consequence of which is to harass, oppress, or abuse a person in connection with
the collection of a debt;

b)  Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading
representations and means in connection with the collection or attempted
collection of a debt;

c)  Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means
to collect or attempt to collect a debt from plaintiff; and

d)  Defendant violated 15 U.S.C. § 1692g.

**Wherefore,** plaintiff seeks judgment against defendant for:

a)  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b)  Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c)  Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

d)  Such further relief as the court deems just and proper.

### Count 2– Michigan Occupational Code

47.  Plaintiff incorporates the foregoing paragraphs by reference.

48.  Defendant has violated the MOC.  Defendant's violations of the MOC

8

include, but are not necessarily limited to, the following:

a)     Defendant violated M.C.L. § 339.915(e) by making an inaccurate, misleading,

       untrue, or deceptive statement or claim in a communication to collect a debt;

b)     Defendant violated M.C.L. § 339.915(e) by concealing or not revealing the

       purpose of a communication when it is made in connection with collecting a debt;

c)     Defendant violated M.C.L. § 339.915(g) by communicating with a debtor without

       accurately disclosing the caller's identity; and

d)     Defendant violated M.C.L. § 339.915(q) by failing to implement a procedure

       designed to prevent a violation by an employee.

**Wherefore,** plaintiff seeks judgment against defendant for:

a)     Actual damages pursuant to M.C.L. § 339.916(2);

b)     Treble the actual damages pursuant to M.C.L. § 339.916(2);

c)     Statutory damages pursuant to M.C.L. § 339.916(2); and

d)     Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2).


### Demand for Trial by Jury

Plaintiff demands trial by jury.

Dated: February 17, 2010

Phillip C. Rogers (P34356)
Attorney for Plaintiff
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503-3026
(616) 776-1176
ConsumerLawyer@aol.com